IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, <br><br> Plaintiff, <br><br> vs. <br><br> DOE DEFENDANTS AS AGGRIEVED, et al., <br><br> Defendants. | CIVIL NO. 11-00352 SOM/RLP <br><br> ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g) |

**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Plaintiff, an inmate at the Halawa Correctional Facility ("HCF"), filed the instant *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). IFP Application, ECF No. 3. On June 2, 2011, the court ordered Plaintiff to show cause why his Complaint should not be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). *See* Order to Show Cause ("OSC"), ECF No. 4.[1] Plaintiff has since filed four motions, a memorandum, and a declaration, all of which are somewhat responsive to the OSC and inform this decision. *See* Motions to Compel Rule 11, ECF Nos. 5 & 7; Motion to Serve Complaint and Summons, ECF. No. 8; Motion to Amend and Supplement the Complaint in Accord with Rule 15 of the

---

[1] Plaintiff's Complaint alleges that his mail to the United States Court of Appeals for the Ninth Circuit is being tampered with and that unidentified prison officials and inmate gang members have raped and kidnapped his ex-girlfriend and other family members in retaliation for Plaintiff's pursuing grievances and lawsuits exposing their illegal racketeering activities.

Rules of Civil Procedure in No. CV11-00352 SOM RLP To Show Cause, ECF No. 10; Memorandum, ECF No. 11; and Declaration of Response, ECF No. 12.  Plaintiff also filed a separate civil suit naming the undersigned and other court officers.  *See Tia v. Mollway*, et al., Civ. No. 11-00421 JMS/KSC.[2]

The court has carefully considered Plaintiff's pleadings, motions, and responses to the OSC.  Plaintiff's IFP application is DENIED and his Complaint is DISMISSED without prejudice to his filing another action with concurrent payment of the filing fee.

## I. LEGAL STANDARD

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[2] United States District Judge J. Michael Seabright dismissed this action on August 20, 2011, for failure to state a claim and pursuant to 28 U.S.C. § 1915(g). Civ. No. 11-00421, Order Dismissing Action Pursuant to 28 U.S.C. §§1915(g), 1915A(b), & 1915(e)(2),  ECF No. 8.

2

The factors requiring dismissal of a prisoner action that may be counted as strikes under § 1915(g) parallel the language of Federal Rule of Civil Procedure 12(b)(6) and apparently mean the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

"In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. *Andrews* therefore allows the court to *sua sponte* raise the § 1915(g) problem and the prisoner bears the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.*

## II. **Plaintiff's Allegations**

Plaintiff's claims here are similar to claims he has made in previous actions. Plaintiff has consistently sought an investigation of prison officials and unnamed inmate gang members, here and on the Mainland, alleging that they are engaged in a criminal conspiracy under the Racketeer Influenced and

3

Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. *See e.g., Tia v. Fujita*, Civ. No. 08-00575; *Tia v. Criminal Investigation*, Civ. No. 10-00441; *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383; *Tia v. Baker*, Civ. No. 11-00098. Plaintiff alleges that this conspiracy involves inmates, family members, prison officials, and others. The present Complaint expands this allegation of conspiracy to now include due process violations by prison mail room personnel, the Ninth Circuit Court of Appeals, and the United States Attorney's office in Honolulu, Hawaii.

### III. DISCUSSION

Plaintiff was ordered to show cause why this action should not be dismissed under § 1915(g). In response, Plaintiff argues that he should be allowed to grieve the claims he raises in this Complaint, investigate them more fully, and supplement them with alleged constitutional violations that have occurred since he filed this action. Plaintiff also states that he was never advised about the effect his earlier case dismissals would have on his ability to proceed IFP in the federal court. *See* Mem. in Support, ECF No. 11-1 at 2 ("No Advisement was ever Given Plaintiff concerning PAST CASES which were dismissed[.]").

First, Plaintiff does not dispute that he has filed three or more actions that were dismissed as frivolous, malicious, or for failure to state a claim, while he was

incarcerated.[3]  Rather, Plaintiff alleges that those cases were dismissed in violation of his due process rights because he does not have the legal ability and knowledge to properly raise his claims.  The court has carefully read the rulings dismissing Plaintiff's earlier cases and disagrees with Plaintiff.  Plaintiff's claims were, without exception, vague, conclusory, delusional, fanciful, and without legal support.  Plaintiff received all of the process he was due before these cases were dismissed.

Second, Plaintiff does not allege that he is in imminent danger of serious physical injury, and his claims and supporting facts, such as they are, do not support such a finding.  In his first Motion to Compel Rule 11, ECF No. 5, filed after the OSC was issued, Plaintiff made a conclusory allegation that he is in imminent danger of serious physical injury from the Doe Defendant inmate gang members.  The court denied Plaintiff's motion and informed him again that he must provide sufficient factual support for this claim.  *See* Order Denying Motion to Compel, ECF. No. 6.  Plaintiff has since filed three motions, a

---

[3] *See e.g., Tia v. Baker*, Civ. No. 11-00098 HG (dismissed March 9, 2011, under § 1915(g), after notice to Plaintiff of the cases the court considered strikes); *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE (dismissed as frivolous and for failure to state a claim); *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM (dismissed as frivolous and for failure to state a claim); *Tia v. Sequeira*, Civ. No. 08-00575 HG (dismissed for failure to state a claim).

memorandum, a declaration in response, *see* ECF Nos. 7, 9, 10, 11, 12, and a new action (Civ. No. 11-00421), but still fails to provide facts suggesting that he was in imminent danger of serious physical injury when he filed the Complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

Third, Plaintiff now admits that he has neither fully exhausted his claims as required, nor completely investigated them. While exhaustion of prison administrative remedies is an affirmative defense, the court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). There is no apparent reason why exhaustion of Plaintiff's claims against prison officials here should be excepted.

Finally, Plaintiff's assertion that he has not been advised of the effect of his prior dismissals under § 1915(g) is false. This court and the appellate court have advised Plaintiff numerous times concerning the effect his dismissals may have on his ability to proceed IFP. *See e.g., Tia v. Lt. Baker et al.*, Civ. No. 11-00098 HG, Order Dismissing Action Pursuant to 28 U.S.C. § 1915(g), ECF No. 6 (dismissing action for failure to pay

or allege imminent danger), ECF No. 20, Order of USCA No. 11-15689 ("Appellant's motion to proceed in forma pauperis is denied because appellant has had three or more prior actions or appeals dismissed as frivolous or for failure to state a claim and because appellant has not alleged any imminent danger of serious injury in this appeal. *See* 28 U.S.C. § 1915(g)."); *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE, Order Dismissing Complaint, ECF No. 5 ("This dismissal shall be counted as a "strike" under 28 U.S.C. § 1915(g)."), ECF No. 14, Order of USCA No. 10-16842 ("Appellant's motion to proceed in forma pauperis is denied because appellant has failed to show that the appeal is not frivolous."); *Tia v. Criminal Investigation Demanded as Set Forth*, Civ. No. 10-00383 SOM, Order Re: Amended Complaint, ECF No. 22 at 6 ("The amended complaint is DISMISSED as frivolous. . . . As Plaintiff was informed in the August 5 Order, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g)."); *Tia v. Sequeira*, Civ. No. 08-00575 HG, Order Dismissing Complaint, ECF No. 5 at 5 (notifying Plaintiff that his dismissal for failure to state a claim may count as a strike under § 1915(g)).

Plaintiff provides no reasons justifying circumvention of § 1915(g)'s requirements and has failed to carry his burden of showing that an exception to the 3 Strikes bar is available to him.  *See Andrews*, 398 F.3d at 1121.

//

**IV. CONCLUSION**

1. Plaintiff's Complaint and this action are DISMISSED pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff's commencing of a new action accompanied by the $350.00 filing fee.

2. Plaintiff's *in forma pauperis* application is DENIED.

3. Plaintiff's Complaint is also DISMISSED for failure to exhaust administrative remedies.  *See* 42 U.S.C. § 1997e(a).

4. In light of Plaintiff's litigation history, Plaintiff is not allowed to file anything further in this action other than a notice of appeal.  The Clerk of Court is DIRECTED to promptly process any notice of appeal, and to docket any other pleadings, motions, documents, exhibits, etc. submitted by Plaintiff in this action as "requests" or "correspondence."  The court will take no action on such pleadings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 25, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tia v. Doe Defendants, et al.*, Civ. No. 11-00352 SOM/RLP; ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g); psas/3 Strikes Ords/dmp/2011/Tia 11-352 SOM (dsm after OSC)